## Village of Odin v. Sarah A. Nichols.

1. NOTICE—*statute requiring service of, upon city, of injury sustained, construed.* The fact that a suit is brought without the giving of the notice required by statute, does not preclude the dismissal of such suit, the giving of the notice as required, and the institution of a new action.

2. INSTRUCTIONS—*when assumption of facts in dispute by, not ground for reversal.* Where it appears from the record that the jury were not misled by the supposed assumption of facts in dispute, a reversal will not follow.

Action in case for personal injuries. Appeal from the Circuit Court of Marion County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

FRANK F. NOLEMAN, for appellant.

W. D. FARTHING and CHARLES H. HOLT, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This was an action on the case by Sarah A. Nichols against the village of Odin to recover for personal injuries received by her as the result of stepping off a sidewalk into an open ditch in the night-time in said village. The cause was tried at the April term of the Marion county Circuit Court, resulting in a verdict and judgment in favor of the plaintiff

for $500, from which the defendant appealed to this court.

The declaration consisted of three counts but as the jury found the defendant guilty under the third count and so specify by the verdict, that count alone will be considered. The defendant filed the general issue and a special plea to the declaration. The special plea was to the effect that plaintiff had instituted another suit against the defendant for the same cause of action at the preceding January term of the court, and did not, prior to the commencement of said suit, file with the village clerk a written statement as required by the Act of 1905, and for that reason a demurrer was sustained to the declaration in said former suit and the suit dismissed. The special plea concluded with the averment that plaintiff by virtue of the statute (1905) was thereby forever barred from further suing for said cause of action. Demurrer to the special plea was overruled, and plaintiff replied "that after said (former) suit was instituted and before issue was joined, or said cause called for trial, she, the said plaintiff, on her own motion, took a voluntary non-suit." The demurrer by defendant to this replication was overruled, to which exception was taken, and issue joined on the plea of not guilty, under which the cause was tried.

It appears from the evidence that Perkins street, running north and south, and Oak street, running east and west, in the village of Odin, cross at right angles near the Christian Church, which is near the intersection on the east side of Perkins street and the north side of Oak street. There was a plank sidewalk four feet wide on the east side of Perkins street in front of the church, and a similar walk on the north side of Oak street. A street drainage ditch about two feet in depth ran parallel with and outside the walks. The Perkins street ditch from the north extended under and beyond the Oak street sidewalk a distance of eight or ten feet where it connected with the Oak street ditch from the east. There was a street lamp across the street south from this point. Appellee was sixty-nine years of age, and on the evening of August 20, 1905, attended services at the Christian Church mentioned. Her proper and convenient course

in going to and from the church was over the north sidewalk of Oak street and across Perkins street to the west. After church she started home, coming out upon the Perkins street sidewalk some distance north of the Oak street crossing. The night was dark. The street lamp referred. to was not lighted and had not been burning that evening. The church lights, except one, had been extinguished. ·She proceeded south intending to turn west across Perkins street upon the Oak street sidewalk. Unable to ·see the intersection she mis- ·calculated the distance and passed beyond that point and in turning west, to cross the street, stepped off the sidewalk, and fell into the ditch, receiving the injuries for which this suit is brought.

The first question presented is as to the sufficiency of the replication to the special plea, the contention of appellant being that having commenced suit before notice given as required by section 7, chapter 70, Rev. St., the plaintiff was forever barred, and would have no right to dismiss such suit, file with the attorney or clerk of the village the required notice within the time allowed, and again bring suit for the same cause of action. We do not think the statute will bear such construction. It is not so expressed, nor is there in the manifest purpose of the statute anything from which it may be said that such was the legislative intention. By section 3, on failure to file notice "as provided in section two, then any such suit brought against any such city shall be dismissed," etc. The notice "as provided in section two," was a notice "within six months from the date of the in- jury." Clearly meaning, as we interpret the statute, that the right to prosecute the action would not be barred if the required notice were filed at any time within the six months. It is contemplated, no doubt, that the notice shall precede the commencement of the suit, but the statute does not say, nor has it been so held ,by any court so far as we are in- formed, that the commencement of suit within the six months may limit the time within which a notice may be given. That would be to impose an unusual restriction upon the right to an action against cities and villages for which we

find no justification in the purpose of the statute or intent of the Legislature in enacting it. The plaintiff had the right to dismiss her suit prematurely brought, and begin over again, at any time within one year from the date of the alleged injury, providing the required notice was filed within six months. The demurrer to the replication was properly overruled. Peremptory instructions to find for the defendant were asked by appellant and refused by the court. In this the court did not commit error. The declaration (third count) charges the appellant with negligence in failing to provide sufficient light at the crossing and to construct and maintain barriers or railing on the sidewalk beside the ditch into which appellee fell. There is evidence tending to prove an unsafe condition at the place of injury, as respects the relative position of the sidewalk and ditch and the absence of light; that the unsafe conditions were known to the village officers or would have been known by the exercise of reasonable care; that appellee was in the exercise of due care for her own safety. This being the record, it was not error to refuse the peremptory instructions. The verdict being on the third count alone does not preclude consideration of appellant's liability for failure to provide barriers, as that omission is coupled with the allegation of failure to maintain a light at the crossing and together constitute the negligence alleged in the third count. It may well be that a failure to provide barriers as alleged in the first and second counts or a failure to maintain a light at the crossing, considered singly and apart, would not impose liability under the facts in this case, while the failure in both respects, as alleged in the third count, if proved, would establish appellee's right to recover. The negligence charged is the failure to maintain a light *and* provide barriers. With sufficient light there would be less need for barriers; with sufficient guard-rails or barriers a light might be dispensed with. It was for the jury to say. That there were neither lights nor barriers might justify a verdict, whereas, the failure to prove that both were wanting might defeat the action. It is not therefore to be said, as contended by appellant's counsel,

that the jury found that appellant was not guilty of negligence for failure to supply barriers where the charge for that omission is coupled with the charge of failure to maintain a light at the crossing. Upon the question of notice to the village authorities we think the evidence sufficient to go to the jury and that their finding upon that question may not be disturbed by the court.

Complaint is made of appellee's first and second given instructions. It is argued that in each it is assumed that the failure to construct barriers was negligence, thus taking that question from the jury. While the instruction was subject to criticism, being argumentative and disjointed in stating the several elements upon which a verdict is asked, we do not think them vicious to the extent claimed, or that the jury would so understand and apply them. Two paragraphs of the instruction read as follows:

"And if you further believe from the evidence that at or near the place where the said sidewalks intersected each other, there was an excavation or ditch, in such close proximity to the said sidewalk as to render it unsafe for a person using ordinary care for their own safety to pass along and upon said sidewalk in the night-time, without railings or barriers to keep them from stepping or falling into such excavation or ditch.

"And if you further believe from the evidence that the defendant wrongfully and negligently failed to exercise reasonable care to place any reasonably safe railing or barrier along said sidewalks at the point where the same came in such close proximity to such excavation or ditch, if any," etc.

By the first of the above paragraphs or conditions upon which a verdict is to be based, it is left to the jury to say, from the evidence, whether or not the conditions were such as to require the erection of barriers for the safety of persons using the walk; and by the second, which must be read in connection with the first, it is further left to the jury to determine whether the defendant "wrongfully and negli-

Village of Odin v. Nichols.

gently failed to exercise reasonable care to place any reasonably safe railing or barrier along said sidewalk." Considering the instruction as a whole it is not probable that the jury were misled to appellant's prejudice. By their verdict for the defendant on the first and second counts of the declaration it is manifest that they were not controlled by the supposed assumption in the instructions, for in both counts the defendant is charged with negligence in failure to provide a railing. The error in the instructions was harmless. By instructions offered by appellant, all of which were given by the court, the jury were fully directed upon every proposition in accord with appellant's view of the case. We find no substantial error in the court's rulings upon the admission or exclusion of evidence. The remarks complained of were improper and so the trial court held, but we do not think it likely that the jury were influenced by them, especially as counsel for appellant had opportunity to make reply. Upon the whole record we are of opinion that the evidence tends to prove all the material allegations of the declaration, and we cannot say that the verdict is manifestly against the weight of the evidence, or that we find error in the proceedings prejudicial to appellant. The judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*